UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DEWIGHT M. TAYLOR                                                                                     Plaintiff

v.                                                                              Civil Action No. 3:20-CV-P647-RGJ

DEPUTY DIRECTOR MARTIN BAKER et al.                                                       Defendants

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Dewight M. Taylor filed a *pro se*, *in forma pauperis* 42 U.S.C. § 1983 complaint. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the complaint will be dismissed in part, and Plaintiff will be afforded an opportunity to amend his complaint.

## I. STATEMENT OF FACTS

Plaintiff, an inmate at the Louisville Metro Department of Corrections (LMDC), names as Defendants in their individual and official capacities Martin Baker, LMDC Deputy Director, and Dewayne Clark, LMDC Director. He alleges that he and other inmates have had abusive force used against them; that he and other inmates were denied medical attention; and that pictures were not taken of his and other inmates' injuries. He further alleges that handcuffs were placed on him causing loss of circulation for at least two hours, and that "[t]his inappropriate behavior by LMDC lead to me placed in the hold for 60 days." He states that the disciplinary report regarding these acts was never signed by a superior officer as required by law and LMDC policy. He alleges that non-Defendant Officer T. Elmore acted as an investigative officer which was improper because he was a responding officer to the situation on May 31, 2020. He alleges

that all officers involved "committed criminal coercion . . . and lied on the inmate disciplinary report." He further alleges that the notice of disciplinary action was dated March 31, 2020, and the execution of disciplinary action was on June 5, 2020, exceeding the policy limit to execute the disciplinary actions. He also states that his "legal work was thrown away by LMDC and [his] property was allowed by LMDC to be raided and looted by other inmates in violation of policy."

Plaintiff alleges he never acted in a violent manner and therefore his Eighth Amendment rights have been violated. He also alleges that his First Amendment right has been violated because he was unable to fight his disciplinary write-up.

Plaintiff further alleges that he suffered mental anguish and loss of sleep "because of certain officers['] harassment and intimidation upon me since 3/31/2020." He states that he has been in fear for his life and that he has scars and bruises "which has continued pain day and night." He alleges that Defendants have a duty to protect him and his property "and they have not. This also is a 4th Amendment violation[.]"

As relief, Plaintiff asks for monetary and punitive damages and release from "illegal detention."

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore,

dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### *A. Claims on behalf of other inmates*

The Court notes that Plaintiff refers to other inmates sustaining injury. Plaintiff, as *a pro se* litigant, may not put forth claims on behalf of other individuals. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage[.]"); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (explaining that § 1654 "'does not allow for unlicensed laymen to represent anyone else other than themselves'") (citation omitted). Thus, the Court considers only those claims personal to Plaintiff.

### *B. Official-capacity claims*

The claims against Defendants in their official capacities must be construed as brought against the governmental entity which employs them. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, in the case at bar, the claims against these Defendants in their official capacities are actually brought against the Louisville Metro government. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

When a § 1983 claim is made against a municipality, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monel*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "'identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom,* 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981)

(citation omitted)); *Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

Plaintiff does not allege that a municipal policy or custom was the moving force of the alleged constitutional violations. In fact, he asserts that several of the alleged violations were done contrary to LMDC policy. Therefore, the official-capacity claims will be dismissed.

### *C. Individual-capacity claims*

Defendants are LMDC's Director and Deputy Director. "Because § 1983 liability cannot be imposed under a theory of *respondeat superior*, proof of personal involvement is required for a supervisor to incur personal liability." *Miller v. Calhoun Cty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005). "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Plaintiff has not alleged that Defendants Baker and Clark committed any actual acts, nor has he averred that they acquiesced in the conduct of their employees. If Plaintiff is alleging that they are responsible because they were acting in a supervisory capacity, the claim fails. *See Bellamy*, 729 F.2d at 421. Furthermore, if the allegation is brought for actions they committed for failing to intervene or denying his grievances, the claim also fails. The "denial of administrative grievances or the failure to act" by prison officials does not subject supervisors to liability under § 1983. *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). The individual-capacity claims will also be dismissed.

### *D. Release from illegal detention*

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release

or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Because Plaintiff is seeking immediate release from detention, the § 1983 claim for such relief cannot lie and will be dismissed.

### III. CONCLUSION AND ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's claims against Defendants Baker and Clark as well as his request for release from detention are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Court will give Plaintiff an opportunity to file an amended complaint naming individuals responsible for the alleged violations in his complaint. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) of the Federal Rules of Civil Procedure, a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act].").

**IT IS FURTHER ORDERED that within 30 days from the entry date of this Memorandum Opinion and Order, Plaintiff may file an amended complaint in which he names individuals responsible for the alleged constitutional violations and describes how these individuals were responsible.**

The Court will conduct an initial review of Plaintiff's amended complaint pursuant to § 1915A. Should Plaintiff fail to file an amended complaint within the allotted amount of time, **Plaintiff is WARNED that this action will be dismissed for failure to state a claim upon which relief may be granted**.

**The Clerk of Court is DIRECTED** to send Plaintiff a § 1983 complaint form with this case number and the word "Amended" written in the caption.

Date:


cc:	Plaintiff, *pro se*
	Defendants
A961.009